**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

ARICK JOHNSON, SR. PETITIONER
ADC #185962

v. 4:26-cv-00763-BSM-JJV

DEXTER PAYNE RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**DISPOSITION**

## I. BACKGROUND

Petitioner Arick Johnson, Sr., an inmate at the Barbara Ester Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Amended Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 12.) Mr. Johnson was convicted by a jury in the Circuit Court of Pulaski County, Arkansas, of one count of first-degree terroristic threatening. *State of Arkansas v. Arick Marquett Johnson*, No. 60CR-21-1050, https://caseinfo.arcourts.gov. He was sentenced as a habitual offender to five years' imprisonment. *Id*. Mr. Johnson's retained trial counsel filed a timely notice of appeal; however, Mr. Johnson never lodged the record on appeal as required by Arkansas

Rule of Appellate Procedure – Criminal 4(b), nor did he file a motion for belated appeal within eighteen months of the judgment as contemplated in Rule 2(e). *Id*. Therefore, the direct appeal did not go forward.[1]

Mr. Johnson filed a *pro se* petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37, in which he alleged his trial counsel was ineffective in several respects, including that she had a conflict of interest because he had filed a legal malpractice claim against her prior to trial. *Id*. He also alleged lack of access to the law library. *Id*. In an amended Rule 37 petition, Mr. Johnson repeated his ineffective-assistance claim and also alleged malicious prosecution, prosecutorial misconduct, and a First Amendment violation. *Id*. In a *pro se* state habeas corpus petition, Mr. Johnson made the same claims of ineffective assistance of counsel and asserted judicial misconduct. *Id*. Both Rule 37 petitions and the state habeas petition remain pending in the trial court. *Id*.

In the Amended Petition for Writ of Habeas Corpus now before this Court, Mr. Johnson raises four claims for relief: (1) his counsel was ineffective because she abandoned him on appeal; (2) his counsel was ineffective at trial; (3) he could not petition for a new trial due to lack of access to the courts; and (4) the trial court violated his due process rights by ignoring his request to proceed *pro se*. (Doc. No. 12 at 5-9.) I have conducted a preliminary review of Mr. Johnson's Amended Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Amended Petition for Writ of Habeas Corpus be dismissed without prejudice for failure to exhaust state court remedies.

## II. ANALYSIS

[1] Based on my review of state court records, no appeal was ever docketed in the appellate court. Therefore, in accordance with Arkansas Rule of Appellate Procedure – Criminal 2(f), the trial court could dismiss the appeal. It has not done so.

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts and exhaust all available state remedies. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")). The exhaustion requirement "is grounded in principles of comity and reflects a desire to 'protect the state courts' role in the enforcement of federal law.'" *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). The United States Court of Appeals for the Eighth Circuit has held a habeas petitioner has the burden to show that all available state remedies have been exhausted. *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998). The Eighth Circuit has also stated dismissal without prejudice is proper when a petitioner fails to carry that burden. *Id*. at 1046.

Mr. Johnson's federal habeas claims were raised in his Rule 37 petition, amended Rule 37 petition, and state habeas petition – all of which remain pending. Therefore, the claims are unexhausted, and Mr. Johnson must give the state courts an opportunity to resolve the claims before seeking federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (in order to exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). I note Mr. Johnson has previously filed three § 2254 petitions in this court that were dismissed for the same reason. *See Arick Marquett Johnson v. Dexter Payne*, No. 4:25-cv-00380-KGB (E.D. Ark. 2025); *Arick Marquett Johnson v. Dexter Payne*, No. 4:26-cv-00021-BSM (E.D. Ark. 2026); *Arick Marquett Johnson v. Dexter Payne*, No. 4:26-cv-00604-BSM (E.D. Ark. 2026).

Additionally, this Court lacks the discretion to stay Mr. Johnson's Amended Petition while he exhausts his state court remedies, as his Petition is not a mixed one containing some claims that have been exhausted and some that have not. *Rhines v. Weber*, 544 U.S. 269, 271 (2005). Because Mr. Johnson's Amended Petition contains only unexhausted claims, it should be dismissed without prejudice to his refiling after his state court remedies have been fully exhausted. Mr. Johnson is reminded of the applicable one-year limitation period. *See* 28 U.S.C. § 2244(d).

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Johnson has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Johnson's § 2254 Amended Petition for Writ of Habeas Corpus (Doc. No. 12) be DISMISSED without prejudice.

2. A certificate of appealability not be issued.

DATED this 15th day of September 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE